UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - -

UNITED STATES OF AMERICA,          No.   1:18-CR-00244

          Plaintiff,

                              Hon.   Gordon J. Quist
      v.                                  U.S. District Judge

KEVIN SCOTT KONEN,
      a/k/a "Jenny Mays,"
      a/k/a "Alyssa Pietrzak,"
      a/k/a "Denny Ha,"

               Defendant.
_____/

## PLEA AGREEMENT

    This constitutes the plea agreement between Kevin Scott Konen and the United States Attorney's Office for the Western District of Michigan.   The terms of the agreement are as follows:

1) **Plea to Information.**   Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to the Felony Information charging Sexual Exploitation and Attempted Sexual Exploitation of Minors in violation of Title 18, United States Code, Section 2251(a); and possession of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

2) **Defendant Understands the Crimes.**

    a)  Count 1: In order for Defendant to be guilty of violating Title 18, United States Code, Section 2251(a), the following must be true:

United States v. Kevin Scott Konen
Plea Agreement

    i)    Defendant used a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

    ii)   The depiction was transmitted using any means or facility of interstate or foreign commerce or in or affecting intestate or foreign commerce.

b)  Count 2: In order for Defendant to be guilty of violating Title 18, United States Code, Section 2252A(a)(5)(B) the following must be true:

    i)   Defendant knowingly possessed material that contained an image of child pornography;

    ii)  Defendant knew that the material was child pornography; and

    iii)  The image of child pornography was produced using materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

Defendant is pleading guilty because Defendant is guilty of the charges described above.

3)  <u>Defendant Understands the Penalties.</u>

a)  Count 1:   The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2251(a), is the following:

    i)     maximum term of imprisonment: 30 years;

    ii)    minimum term of imprisonment: 15 years;

    iii)   maximum term of supervised release: life;

    iv)   minimum term of supervised release: 5 years;

    v)    maximum fine: $250,000;

    vi)   mandatory special assessment: $100; and

    vii)  additional mandatory special assessment of $5,000.

b)  Count 2: The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(5)(B), is the following:

2

United States v. Kevin Scott Konen
Plea Agreement

i)    maximum term of imprisonment: 10 years;
ii)   maximum term of supervised release: life;
iii)  minimum term of supervised release: 5 years;
iv)   maximum fine: $250,000;
v)    mandatory special assessment: $100; and
vi)   additional mandatory special assessment of $5,000.

Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4)  <u>Supervised Release Defined.</u>     Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements.   Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5)  <u>Mandatory Restitution (MVRA).</u>     Defendant understands that he will be required to pay full restitution as required by law.   Defendant agrees that the restitution order is not restricted to the losses suffered by the victims in the counts to which Defendant is pleading guilty and that he will be responsible for restitution for all victims of his sexual exploitation of minors.   The parties currently do not know the amount of restitution, but recognize and agree that

3

United States v. Kevin Scott Konen
Plea Agreement

the amount will be determined by the Court at sentencing.

6) <u>Asset Forfeiture</u>.        Defendant withdraws any interest he has in the property

listed below, agrees to abandon such property, and agrees not to contest the

forfeiture of such property in any forfeiture action or proceeding, whether

judicial or non-judicial:

a)  Dell OptiPlex 990 Computer (service tag number 9D8WWR1);

b)  Apple iPhone 6S (serial number C77QN6YUGRY9);

c)  Western Digital, My Passport Ultra hard drive (serial number
    WXP1E945XUPJ);

d)  Western Digital Portable Hard Drive (serial number WXEX08C36515);

e)  Toshiba hard drive (serial number Z24BTOZ5TTT1);

f)  Seagate hard drive (serial number NA7YNEH6);

g)  Western Digital Blue hard drive (serial number WCC6Y0RY0CAD);

h)  Apple iPod (serial number CCQNNBTFG22Y);

i)  Apple iPod (serial number CCPJ32KG22Y);

j)  Apple iPod (serial number 1A9431C96K2);

k)  Kyocera Motorola Metro PCE cellular telephone (serial number K33BIC-03);

l)  Motorola Tracfone (serial number H31LJN83SH); and

m) Five USB flash drives;

(hereinafter referred to as the "Subject Property").   Defendant agrees to sign a

4

United States v. Kevin Scott Konen
Plea Agreement

consent to administrative forfeiture and waiver of notification when and as requested for the Subject Property.   Defendant agrees that he will not file any claims or petitions in any forfeiture action or proceeding with regard to the Subject Property and waives any argument or claim that such action or proceeding was not timely brought or filed, or that such action violates any other law or procedure pertaining to forfeiture.   Defendant admits that the Subject Property was used to commit the offenses charged in Counts 1 and 2 and is subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1), (3).   Defendant consents to the entry of a preliminary order of forfeiture concerning the Subject Property at or before the time of sentencing.

7) <u>Registration</u>.      Defendant acknowledges and agrees that he must register as a sex offender in all applicable jurisdictions, including, but not limited to, the jurisdictions where he was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

8) <u>The Sentencing Guidelines</u>.      Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant.   Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.   Defendant understands that the Defendant and Defendant's

5

United States v. Kevin Scott Konen
Plea Agreement

attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9) <u>Factual Basis of Guilt.</u>   Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing: beginning about January 2014 and continuing until about January 2016, in Eaton County, Defendant knowingly used, persuaded, induced, and enticed and attempted to use, persuade, induce, and entice minors to take images and videos of themselves engaging in a sex act or displaying their naked pubic area or genitals. Specifically, Defendant using the persona "Jenny Mays," "Alyssa Pietrzak," and "Denny Ha," used the messaging feature of Facebook and other social media applications to engage in communications with multiple minors, including but not limited to, M.G., M.G.2, K.O., A.D., O.P., M.C., and E.G., who were all minor females; and N.G., a minor

6

United States v. Kevin Scott Konen
Plea Agreement

male.   Defendant used various ruses.   In some instances, Defendant befriended

the minor, established an on-line relationship, and traded sexually explicit

images with the victims.   In other instances, Defendant attempted to extort

sexually explicit images from the victims with threat that he would send nude

pictures of the victims to their family and friends.   Another ruse involved

directing the victims to contact "Denny Ha" who could help the victims remove

their pictures from internet websites, but to do so "Denny Ha" needed user

names and passwords for their accounts.   Once he had access to the accounts,

Defendant would search the victims' accounts for more compromising pictures.

The images were sent to Defendant via the internet using various social media

applications.   Defendant distributed some of the images to other minors and to

other individuals.   Between January 2014 and continuing until on or about

April 28, 2018, in Eaton County, and elsewhere, Defendant knowingly possessed

numerous images of child pornography on multiple devices that were

manufactured outside of the state of Michigan, including but not limited to: a

Dell Optiplex 990 computer, an Apple iPhone 6, Apple iPods, external hard

drives, and USB thumb drives.

10) The United States Attorney's Office Agrees.

   a) Non-Prosecution Agreement.        The U.S. Attorney's Office for the Western

      District of Michigan agrees not to bring additional criminal charges against

United States v. Kevin Scott Konen
Plea Agreement

Defendant in the Western District of Michigan arising out of his sexual exploitation of minors from 2011 to 2018, provided that the conduct is disclosed to the Government by Defendant or his attorney prior to the date of this agreement. Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of the agreement. Defendant agrees, however, that in determining the sentence the Court may consider the full scope of his conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

b) <u>Acceptance of Responsibility.</u>  The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if

8

United States v. Kevin Scott Konen
Plea Agreement

the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

11) <u>Waiver of Constitutional Rights</u>.      By pleading guilty, Defendant gives up the
right to persist in a plea of not guilty and the right to a speedy and public trial
by jury or by the Court.   As a result of Defendant's guilty pleas, there will be no
trial.   At any trial, whether by jury or by the Court, Defendant would have had
the following rights:

a)  The right to the assistance of counsel, including, if Defendant could not afford
an attorney, the right to have the Court appoint an attorney to represent
Defendant.

b)  The right to be presumed innocent and to have the burden of proof placed on
the Government to prove Defendant guilty beyond a reasonable doubt.

c)  The right to confront and cross-examine witnesses against Defendant.

d)  The right, if Defendant wished, to testify on Defendant's own behalf and
present evidence in opposition to the charges, including the right to call
witnesses and to subpoena those witnesses to testify.

e)  The right not to be compelled to testify, and, if Defendant chose not to testify
or present evidence, to have that choice not be used against Defendant.

f)  By pleading guilty, Defendant also gives up any and all rights to pursue in
this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth

9

United States v. Kevin Scott Konen
Plea Agreement

Amendment claims, and other pretrial motions that have been filed or could

be filed.

12) <u>Waiver of Other Rights.</u>

a) <u>Waiver.</u>   In exchange for the promises made by the Government in entering

this plea agreement, Defendant waives all rights to appeal or collaterally

attack Defendant's conviction, sentence, or any other matter relating to this

prosecution, except as listed below.

b) <u>Exceptions.</u>   Defendant may appeal or seek collateral relief to raise a claim,

if otherwise permitted by law in such a proceeding, on the following grounds:

1)   Defendant's sentence on any count of conviction exceeded the statutory
     maximum for that count;

2)   Defendant's sentence was based on an unconstitutional factor, such as
     race, religion, national origin, or gender;

3)   the guilty plea was involuntary or unknowing;

4)   an attorney who represented Defendant during the course of this
     criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present

any issue in the proceeding other than those described in this subparagraph.

c) <u>FOIA Requests.</u>    Defendant hereby waives all rights, whether asserted

directly or by a representative, to request or receive from any department or

agency of the United States any records pertaining to the investigation or

10

United States v. Kevin Scott Konen
Plea Agreement

prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

    d) <u>Hyde Waiver.</u>    Defendant acknowledges, by his voluntary admissions of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and he hereby disclaims and waives any right to make any claim for attorney fees.

13) <u>The Court is not a Party to this Agreement.</u>    Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty pleas, and he will remain bound to fulfill all his obligations under this agreement. Defendant understands that no one – not the prosecutor, Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

14) <u>This Agreement is Limited to the Parties.</u>    This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any

11

United States v. Kevin Scott Konen
Plea Agreement

other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant.   This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

15) <u>Consequences of Breach</u>.      If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement.   In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.   In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.   Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

16) <u>This is the Complete Agreement</u>.      This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.   No other promises have been made, nor

12

United States v. Kevin Scott Konen
Plea Agreement

may any additional agreements, understandings or conditions be entered into

unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
United States Attorney

_____11/14/18_____
Date

DANIEL Y. MEKARU
Assistant United States Attorney


I have read this agreement and carefully discussed every part of it with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.   No promises or inducements have been made to me other than those contained in this agreement.   No one has threatened or forced me in any way to enter into this agreement.   Finally, I am satisfied with the representation of my attorney in this matter.

_____11/14/18_____
Date

KEVIN SCOTT KONEN
Defendant


I am Kevin Scott Konen's attorney.   I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____11/18/18_____
Date

MARK D. DODGE
Attorney for Defendant

13