IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff                Case No. 1:18-CR-244

vs.                                       Hon. Gordon J. Quist

KEVIN SCOTT KONEN,

        Defendant

------------------------------------------------/

**DEFENDANT'S SENTENCING MEMORANDUM**

1. **Overview**

On December 15, 2018, the defendant entered a plea to two counts of a felony information. Count one charged the defendant with sexual exploitation of minors in violation of 18 USC 2251(a) and (e). Count two charged the defendant with possession of child pornography in violation of 18 USC 2252A(a)(5)(B) and (b)(2) and 18 USC 2256(8)(A).

The defendant is scheduled to be sentenced on April 11, 2019.

The defendant's preliminary calculated guidelines are life. (Total Offense Level 43, Criminal History Score I).

However, because the statutory maximum of 480 months is less than life, the calculated guideline become 480 months.

The defense is respectfully asking the Court to consider at least some measure of leniency.

1

## 2. The 3553(a) factors.

As this Court knows, 18 USC 3553(a) directs the Court to impose a sentence that is sufficient but not greater than necessary to satisfy the statutory paradigms. Specifically:

A. **Nature and Circumstances of the Offense.** The offense is serious. The defendant used the Internet to contact a number of underage females. He persuaded a number of these females to send him sexually explicit pictures of themselves. In some instances (but not all), the defendant shared images over the Internet with unknown persons. The defendant did not have actual physical contact with the females. There was no actual physical abuse. Although the defendant sometimes made threats in an effort to obtain images, he never followed up on any of those threats. Many of the images were already on the Facebook pages of the females he contacted.

The defendant also possessed images of unrelated child pornography.

The seriousness of the offense conduct is more than sufficiently scored by the sentencing guidelines.

B. **History and Characteristics of the Defendant.** The defendant has a very minor criminal history which is quite old. He was sexually abused as a child by a close family member. That sexual abuse had never been previously revealed, and the abuse was not really confronted until after the defendant's arrest and incarceration. It has never been resolved.

The defendant seemed to live two lives. In one life, he was a hard-working father of four children who held multiple jobs in an effort to provide for his family. He was a good family man. He had a 28-year marriage. His children seem to be well-adjusted and to be proceeding with positive accomplishments in their young lives. The defendant was never abusive towards his

wife or children.

In his other life, he had a sexual addiction which drove him to manipulate young females in an effort to obtain sexual images of those females. This type of activity seemed to be in spurts, i.e., he would start and stop.

The defendant did make multiple efforts to participate in counseling after his arrest and, as discussed in a companion pleading, he is amenable to therapy.

The defendant will be almost 53 years old when he is sentenced. Even if he receives a sentence less than the calculated guideline (the statutory maximum), he will likely die in prison.

C. **Reflect the Seriousness of the Offense.** Even if this Court were inclined to grant some leniency, the resulting sentence will likely be an effective life sentence given the defendant's age. Thus, even a somewhat lenient sentence would adequately reflect the seriousness of the offense.

D. **Promote Respect for the Law.** The ultimate sentence will be very long so that even if this Court decides to impose a sentence that is less than the statutory maximum, this goal will be achieved.

E. **Just Punishment.** The defendant will definitely be punished. It is the defense's position that a sentence that is less than the statutory maximum will satisfy this goal because it will be both lengthy and sufficient but not greater than necessary to achieve these statutory goals.

F. **Deterrence.** The defendant is personally deterred. He had no idea that his conduct exposed him to what will likely amount to a life sentence. He has had time to reflect, and the lengthy sentence that he will receive will more than deter him from repeating his criminal conduct. Because his sentence will be very long regardless of this Court's final decision, the

goal of general deterrence will also be satisfied.

G. **Protect the Public.** The defendant is 52 years old, and he will be in prison for many years. He will be an elderly man if he is ever released, and the public will not need any protection from him.

H. **Correctional Considerations.** This is a neutral factor because the defendant's sentence will be long enough for him to take advantage of whatever programming might be available to him.

The ultimate question is the basic statutory command to impose a sentence that is "sufficient but not greater than necessary...." While the underlying offense is serious and indefensible, there are offsetting issues, including the defendant's age, his positive life achievements, and his amenability to therapy to address his apparent sex-related addictions. What the defendant did was wrong, but even a measure of leniency will result in severe punishment.

The defense respectfully urges the Court to conclude that some leniency is warranted and that a sentence less than the statutory maximum would be sufficient but not greater than necessary.

Respectfully submitted,

Grand Rapids, MI
April 4, 2019

/s/ Mark D. Dodge
Mark D. Dodge (P69626)
Dodge & Dodge PC
The Trust Building, Suite 845
40 Pearl Street NW
Grand Rapids, MI 49503
(616) 459-3850