IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff

vs.

KEVIN SCOTT KONEN,

        Defendant

Case No. 1:18-CR-244

Hon. Gordon J. Quist

_____/

**MEMORANDUM IN SUPPORT OF MOTION
FOR A DOWNWARD VARIANCE AND/OR DOWNWARD DEPARTURE**

**1. Overview**

On December 15, 2018, the defendant entered a plea to two counts of a felony information. Count one charged the defendant with sexual exploitation of minors in violation of 18 USC 2251(a) and (e). Count two charged the defendant with possession of child pornography in violation of 18 USC 2252A(a)(5)(B) and (b)(2) and 18 USC 2256(8)(A).

The defendant is scheduled to be sentenced on April 11, 2019.

The guidelines are life, but, because the statutory maximum is less than the calculated guidelines, the adjusted guidelines are 40 years.

The defense is respectfully asking this Court to consider a lesser sentence. Specifically:

A. **The defendant's age.** The defendant is almost 53 years old. Whether he is sentenced to the statutory maximum (40 years) or some lesser sentence, the defendant is very likely to die in prison. Even if he were to survive the sentence, he would be an elderly man who would almost certainly not pose a danger to society.

1

In any event, because of the defendant's age, even a lenient sentence will amount to severe punishment.

USSG 5K2.22 states that, in sexual offenses and child crimes, age may be reason to depart downward. USSG 5H1.1 is cross-referenced as a limiting factor for a departure based on age.

USSG 5H1.1 states that age must be a present in an unusual degree. For example, in *United States v. McFarlin*, 535 F.3d 808 (8th Cir. 2008), the Court upheld a downward departure for a 56-year-old defendant who had serious medical problem which shortened his life expectancy below the average. In *McFarlin*, the defendant's guidelines were 78-97 months, and he was sentenced to probation. The 8th Circuit upheld the departure. The Sixth Circuit, while upholding a decision to not depart, acknowledged that health can be a reason for a reduced sentence, citing *McFarlin*. *United States v. Moses,* 337 Fed.Appx. 443 (6th Cir. 2009)

In the instant case, the defendant does not have medical problems. However, World Bank statistics calculates the life expectancy of an American male at roughly 79 years.

If this defendant is sentenced to 40 years, he would be in his 90's if he survives. If he were sentenced to 30 years, he would be in his 80's if he survives. If he was sentenced to the minimum sentence of 15 years, he would be in his late 60's if he survives.

Thus, any lengthy sentence would likely imprison him for either more than or close to his current life expectancy.

Even if this Court concludes that the defendant's age and potential sentence are not

2

unusual enough[1] to qualify under the departure guidelines, the defendant respectfully submits that this Court could grant a variance based on: a) the defendant's age; b) his likely sentence even if a variance is granted; and c) the other factors cited in this memorandum.

B. **The Piling-on Inherent in the Applicable Guidelines.** As this Court knows, the sentencing guidelines for offenders who commit sex offenses involving minors are very harsh. The base offense levels are high and the aggravators that are usually scored make the total offense level much higher. The maximum number of levels in the guideline sentencing table are 43, and it is not at all unusual for the calculation in sex cases involving minors to exceed that number. Because the Internet and/or social media is involved in almost all of these types of offenses, many of the available aggravators apply and are routinely scored.

In the defendant's case, he used social media to contact via the Internet a number of minors for the purpose of obtaining sexually-related images of those minors. As a result, each minor was separately scored. The scoring for the 8 minors (before the multiple count and chapter 4 adjustments) ranged from level 34 to level 42.

When there are multiple victims, the multiple count adjustment becomes a very significant factor in the scoring. This adjustment essential double counts the factors because: a) each minor is treated as a separate count for scoring the offense level; and b) each minor is separately scored for purposes of the multiple count adjustment. In the defendant's case, the multiple count adjustment added five levels to the scoring.

---

[1] The defense acknowledges that age and life expectancy were often rejected when departures were the only vehicle for imposing a less than guideline sentence. The variance rules are not as strict and, as a result, this Court has greater discretion to take age into account. *E.g., Gall v. United States,* 552 U.S. 38 (2007) (deference is to be given to the district court when deciding whether a variance is substantively reasonable).

3

The Chapter 4 adjustment is also a very significant adjustment which has a very low threshold for scoring purposes. The aggravator is triggered by a "pattern of activity involving prohibited sexual conduct." USSG 4B1.5(b). This phrase is defined by Application Note 4(b)(1) as "on least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." "Two" is a very low threshold that is met in almost every case involving prohibited sexual activity with a minor. Five levels are routinely added as they were in the defendant's calculation.

In the defendant's case, the addition of the 10 levels meant that the total offense level became 43 and the guidelines were life even though the defendant's criminal history category was I.

Had the 10 levels not been added, the defendant's total offense level would have been 39 (after acceptance), and his guidelines would have been 262-327 months.

The defense respectfully submits that the guideline structure in the defendant's case results in guidelines which are greater than necessary to punish the defendant for his conduct. If this Court agrees, a variance is within this Court's discretion.

**C. Acceptance of Responsibility.** In the normal case, acceptance of responsibility is an important factor when determining a defendant's sentence. For example, if a defendant's base offense level was 43 (the highest), the defendant earns acceptance of responsibility, and his criminal history score is I, the defendant's guidelines would be reduced from life to 292-365 months. If the defendant's base offense level was 42, and acceptance is earned, the guidelines would be reduced from 360-life to 262-327 months (a potential reduction of almost 98 months or 8 years and 2 months).

4

Acceptance is also a reflection of a defendant's remorse and willingness to recognize his or her criminal conduct. This is an important factor which distinguishes an unrepentant defendant from a defendant who might be deserving of mercy. In the instant case, the defendant was immediately cooperative. He did not obstruct. He did not deny. He did not lie. He was immediately cooperative with law enforcement and provided law enforcement with all of the information it needed to complete its investigation of the defendant's criminal activities. After his arrest, he realized that he has participated in multiple counseling sessions (as set forth in the attached pleadings).

Acceptance is also important to the victims of a defendant's crime because those victims will not be forced to testify at a trial or to otherwise be traumatized because of the stresses involved in a trial. In the instant case, the victims of the defendant's conduct are almost all young females who would be potentially worse off if the defendant was challenging his guilt and was putting at least some of those victims through the trauma and stress of a trial.

However, in the instant case, the defendant's complete acceptance of responsibility resulted in no benefit to him.

His guidelines were calculated at level 52. Whether the defendant went to trial or pled with acceptance, his guidelines are the same. By rule, if the total score exceeds level 43, the guidelines are reduced to level 43.

Thus, while the defendant earned acceptance of responsibility and while he made the conscious choice to take responsibility as opposed to putting the victims through the trauma of a trial, he is receiving no sentencing credit.

As this Court knows, the acceptance reward is a very significant factor in plea

negotiations. It is a significant incentive for defendants to resolve their cases as opposed to going to trial.

The defendant earned the incentive but, unless there is a downward variance, he will receive no benefit for his efforts.

Those efforts are tangible and are worthy of some recognition in the instant case.

**Defendant's Remorse.** Remorse is a related factor in the analysis. The defendant is genuinely remorseful for his conduct. He has genuine empathy for the victims of his offense behavior. He has no excuses for what he did. His arrest and the collateral consequences of that arrest have made an impression. Before his arrest, he had a vague perception of the seriousness of his conduct and of the fact that something bad could happen if he continued pursuing young women for the purpose of obtaining images.

He had no idea that he could lose his marriage, his children, and everything that he held dear in life. He had no idea that he was risking prison for the rest of life.

Again, these facts are not excuses for what the defendant did.

Rather, what is important, is how the defendant is dealing with the realities he is now facing.

The loss of his marriage and family is real. His sentencing risks are very real.

In the face of these realities, the defendant's choice was to seek therapy so that he could try to: a) understand why he engaged in conduct that was destructive to himself and others; and b) understand what he can do to address his addiction and to control it.

The defendant has not had enough time to accomplish his therapeutic goals. He will have to pursue those goals while he is in prison. The defendant is determined to do what is necessary

to pursue those goals and to otherwise make the most of his time in prison.

Remorse standing alone is often not grounds for a downward variance. However, the defendant respectfully suggests that it can be a factor in an overall analysis.

**Totality.** The defense is respectfully asking this Court to consider the totality of all of these factors, even if this Court does not believe that any one of them, viewed individually, deserves consideration.

The defense is respectfully asking this Court to conclude that a 40-year sentence is greater than necessary to punish the defendant or to accomplish the 3553(a) goals.

For these reasons, the defense is respectfully asking this Court to exercise its discretion and to grant a downward variance from the 40-year guideline.

Respectfully submitted,

Grand Rapids, MI
April 4, 2019

/s/ Mark D. Dodge
Mark D. Dodge (P69626)
Dodge & Dodge, PC
The Trust Building, Suite 845
40 Pearl Street NW
Grand Rapids, MI 49503
(616) 459-3850