UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,

v.

KEVIN SCOTT KONEN,

           Defendant.
_____/

1:18-CR-244

Hon. GORDON J. QUIST
U.S. District Judge

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Daniel Y. Mekaru, Assistant United States Attorney, states the following:

On November 15, 2018, Konen pleaded guilty to a two-count Felony Information. Count One charges Konen with sexually exploiting minors, in violation of Title 18, United States Code, Section 2251(a). Count Two charges Konen with possessing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

### I. NATURE OF THE DEFENDANT AND HIS OFFENSE

Konen has been using children for his own sexual gratification for years. From 2011 to 2018, Konen used various persona and schemes on social media to coerce minors to take sexually explicit images of themselves. Konen used the alias

"Jenny Mays" on Facebook and other social media and pretended to be a high school girl and befriended girls and boys. Using the "Jenny Mays" alias, Konen manipulated minors and then encouraged them to take sexually explicit images of themselves. Konen also used the alias of "Alyssa Pietrzak" to contact minors. Using this persona, Konen aggressively extorted minors and demanded that they send him sexual images or "Alyssa Pietrzak" would send compromising pictures to the victim's family and friends. Another ruse involved directing the victims to contact "Denny Ha" who could help the victims remove their pictures from internet websites, but to do so "Denny Ha" needed user names and passwords for their accounts. Once he had access to the accounts, Konen would search the victims' accounts for compromising pictures.

This was not an offense of opportunity or an isolated aberration. It was a deliberate, repeated, and sometimes vicious course of conduct. Konen volunteered as a booster for the girls' cross-country team and worked meets as an event timer. (PSR ¶ 176.) He targeted members of the team via social media. He boasted about his success at manipulating minors and shared pictures of his victims with other pedophiles.

Konen saved thousands of chats, pictures, and videos on his computer. Based on the sheer volume of chats, Konen devoted hundreds if not thousands of hours to grooming, exploiting, and threatening children for his sexual gratification.

## II.  SENTENCING GUIDELINES

As ordered by the Court, the Probation Office prepared a Presentence Investigation Report for Konen.  The Presentence Investigator calculated the Guidelines and the total offense level is 43.  Konen is in Criminal History Category I.  The sentencing guidelines recommend a life sentence.  There are no objections to the guidelines.  Konen does, however, contend that the calculated offense level is overstated.  The guidelines for the most serious conduct can be summarized as follows:

| | | |
|---|---|---|
| Base offense level for sexually exploiting a child | 32 | § 2G2.1(a) |
| Victim between 12 and 16 years old | +2 | § 2G2.1(b)(1)(B) |
| Commission of a sex act | +2 | § 2G2.1(b)(2)(A) |
| Distribution | +2 | § 2G2.1(b)(3) |
| Sadistic or masochistic depictions | +4 | § 2G2.1(b)(4)(A) |
| Use of a computer | +2 | § 2G2.1(b)(6) |
| Multiple victim adjustment | +5 | § 2G2.1(d) |
| Repeat and dangerous sex offender | +5 | § 4B1.5(b)(1) |
| | 54 | |
| Timely acceptance of responsibility | - 3 | |
| | 51 | |

The Base Offense Level of 32 is indicative of the serious nature of the underlying offense.  The victims include young high school students between the age of 12 and 16 years old, which the guidelines reflect as an aggravating fact and added 2 levels.  He coerced and caused the victim to take degrading pictures depicting a sex act (+2), induced a child to create vile images of bestiality (+4), boasted about his exploits and shared the pictures with others (+2).  The 5-level increase for the number of victims is a provision in the Special Instruction.  The guideline provides, "If the offense involved the exploitation of more than one minor,

Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction." U.S.S.G. § 2G2.1(d). The guideline and the commentary make clear that Multiple Count adjustment is to be applied regardless of the number of counts of conviction. Konen used a computer to perpetrate the offense and the 2-level increase applies. The 5-level enhancement pursuant to § 4B1.5 (repeat and dangerous sex offender against minors) applies because (1) the "instant offense of conviction" is a violation of § 2251(a), which is a "covered sex crime;" and (2) Konen engaged in a pattern of abuse by repeatedly creating and attempting to create child pornography.

Application of the 5-level enhancement pursuant to § 4B1.5 in addition to the 5-level enhancement for multiple victims pursuant to §2G2.1(d) is appropriate. Section 4B1.5(b) specifically states, "The offense level shall be **5** plus the offense level determined under Chapters Two and Three." U.S.S.G. § 4B1.5(b)(1), and *United States v. Schellenberger*, 246 Fed.App'x 830, 832 (4th Cir. 2007). Application of the Multiple Victim adjustment and the Pattern of Abuse enhancement is not double counting. *See United States v. Von Loh*, 417 F.3d 710, 714 (7th Cir. 2005), *United States v. Norris*, 524 Fed.Appx. 726 (9th Cir. 2013), *United States v. Bise*, 610 Fed.Appx. 587 (8th Cir. 2015).

The net effect of the additional conviction for possession of child pornography is that the available statutory penalty increases by 10 years. This Court is authorized to sentence Konen within a combined statutory range of 15 to 40 years.

Title 18 U.S.C. § 3584 authorizes the Court to impose multiple terms of imprisonment either concurrently or consecutively. *See United States v. Sutton*, 216 Fed.Appx. 555, 556 (6th Cir. 2007) ("[I]t is within the district court's discretion to order multiple terms of imprisonment to run consecutively."); *United States v. Smith*, 191 Fed.Appx. 383 (6th Cir. 2006) (same). Furthermore, §5G1.2(d) of the Sentencing Guidelines instructs the Court to impose consecutive sentences, if the advisory guideline range is higher that the statutory maximum for a single count. In essence, the Court may stack the two counts and has the option of sentencing Konen to a combined total of 480 months' imprisonment.

### III. VICTIMS

There are nine identified victims in this case and hundreds more that have not been identified. The scope of Konen's conduct is stunning in its breadth. The impact on each individual has devastating consequences. In many instances, Konen manipulated his victims into compliance, which can have lasting psychological impact. It is not surprising that the victims have not provided impact statements. There are elements of shame and embarrassment that difficult to overcome. But silence is not an agreement to lesser punishment. Silence is so often a demonstration of a teenager's reluctance to communicate.

### IV. OPPOSITION TO VARIANCE OR DEPARTURE

Konen is seeking a downward departure or variance. The government generally opposes any downward departure or variance in any case involving the

sexual exploitation of children. However, as this Court is well aware, it has wide discretion in determining an appropriate sentence. *United States v. Booker*, 543 U.S. 220 (2005). There is no question that the Court can vary from the guidelines either upward or downward. The issue is whether the Court should and, if so, to what degree.

Here, it is important to note that the government is not seeking an upward variance. Rather, the government is opposing any downward variance. The burden for establishing grounds for a downward variance is on Konen. The burden should not be on the government to prove that a guideline sentence is justified. Sixth Circuit precedent puts a premium on establishing an adequate record for the reviewing body to consider the reasonableness of the sentencing. Much will depend on the facts of the case and whether the sentencing court properly considered all of the factors in §3553(a). Accordingly, the government asks the Court to consider the following in fashioning the appropriate sentence.

### A. Nature of the offender

#### 1. Konen's Age

Konen seeks a departure or variance based on his age. The sentencing guidelines provide that the age of a defendant may be relevant and suggests that a departure may be relevant "in a case in which the defendant is elderly." U.S.S.G. § 5H1.1. However, the Sixth Circuit has not encouraged departures on those grounds. The Sixth Circuit rejected an 11-level downward departure for a

defendant who was 82 years old. *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004). In *United States v. Tocco*, 200 F.3d 401, 435 (6th Cir. 2000), the court noted that "age alone should not be considered as a basis for a substantial downward departure." Here, Konen is 52 years old and in good health. (R.20, PSR ¶ 163, Page ID# 124.)

Konen questions whether a sentence of 40 years is justified. A sentence of more than 40 years is not unprecedented. In *United States v. Vowell*, 516 F.3d 503 (6th Cir. 2008), the Sixth Circuit affirmed an upward departure for 40-year-old defendant from 30 years to 65 years. The court affirmed a 95-year sentence for a 40-year-old defendant in *United States v. Herrick*, 516 F. App'x. 534 (6th Cir. 2013).

The sentencing guidelines recommend a life sentence, but that is capped at 40 years by the statutory maximum penalties. The recommendation for a maximum sentence reflects the nature and scope of the offense. The application of the enhancements are based on Konen's own conduct. He is solely responsible for the exploitation and devastation. He is not a victim of the sentencing guidelines. The advisory guideline range is a product of his own making.

### 2. Konen's lack of prior criminal history not extraordinary

Konen's criminal history, in Category I, is similar to the vast majority of those convicted for child pornography offenses. In *Goff*, the Third Circuit considered whether the lack of prior criminal history was a proper basis for a departure or variance. *United States v. Goff*, 501 F.3d 250 (3rd Cir. 2007). The

*Goff* Court stated, "In fact, in the U.S. Sentencing Commission's Final Report on the Impact of *United States v. Booker* On Federal Sentencing, March 2006, Table 18 (available at http:// www. ussc. gov/ booker_ report/ Booker_ Report. pdf), the Commission reported that, in post-*Booker* sentencing of those convicted of possession of child pornography, 322 out of 387 total offenders had a Criminal History Category of I.   "Thus, Goff is no outlier; he is, on the contrary, plainly in the 'heartland' of offenders."   *Goff*, 501 F3d at 261.   Konen is likewise no different.  Any departure or variance on such basis is unwarranted.

### B. Nature of the offense

The sexual manipulation of a child is a terrible crime and resulted in the creation of images of child pornography that may exist forever more in the internet.  The pressure and desire for new material is exacerbated by the ubiquity of cell phones and other digital cameras.   Not satisfied to just be a consumer, Konen was producer of child pornography.   The FBI tagged more than 4,000 images of child pornography discovered on Konen's numerous digital devices that were imbedded in the chat logs.   The FBI also discovered that Konen was chatting with more than 6,800 individuals with more than 174,500 messages.   Konen's crime required planning and the devotion of time and effort.   It is exactly the type of offense that could be deterred by knowledge that the penalties for this crime are severe.

THEREFORE, the United States supports the Presentence Investigator's calculation of the sentencing guidelines. The United States asks this Court to deny the downward variance request and impose a significant sentence commensurate with the scope of the offense, to protect the community, and as a deterrent to Konen and others.

        Respectfully submitted,

        ANDREW BYERLY BIRGE
        United States Attorney

Dated: April 5, 2019        /s/ *Daniel Y. Mekaru*
        DANIEL Y. MEKARU
        Assistant United States Attorney
        PO Box 208
        Grand Rapids, MI 49501-0208
        (616) 456-2404